## In re AQUINO.

District Court, E. D. Michigan. September 19, 1927.

No. 15970.

Aliens ☞62(3)—Absence from United States for 9 months within statutory 5-year period held to require denial of petition for naturalization (Naturalization Act 1906, § 4, subd. 4 [8 USCA § 382]).

Alien's absence from United States of 9 months and 20 days *held* to make it impossible for subscribing witnesses to testify to 5 years' continuous personal knowledge of petitioner, under Naturalization Act June 29, 1906, § 4, subd. 4 (8 USCA § 382), and to seriously impair statutory period of continued residence, requiring denial of petition for naturalization.

In the matter of the petition of Carmine Aquino for naturalization. Petition denied.

TUTTLE, District Judge. The petition for naturalization, No. 15970, of Carmine Aquino filed with this court on June 2, 1926, came on regularly for hearing on September 19, 1927. The following facts were presented to the court:

(1) Petitioner was born in Italy July 16, 1895, and came to the United States April 10, 1920.

(2) He left the United States September 10, 1924, going to Italy, where he remained until June 30, 1925, a period of 9 months and 20 days.

The court holds, in view of subdivision 4 of section 4 of the Naturalization Act of June 29, 1906 (8 USCA § 382), which reads as follows:

"It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States, five years at least, and within the state or territory where such court is at the time held one year at least, and that during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same. In addition to the oath of the applicant, the testimony of at least two witnesses, citizens of the United States, as to the facts of residence, moral character, and attachment to the principles of the Constitution shall be required, and the name, place of residence, and occupation of each witness shall be set forth in the record,"

—that the absence of petitioner, just referred to, makes it impossible for the two subscribing witnesses to testify to 5 years' continuous personal knowledge of the petitioner, as contemplated by the statute, and further that such an absence as shown seriously impairs the statutory period of continuous residence required. U. S. v. Kummer (D. C.) 300 F. 106.

Petition denied.